UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JILL NUNES,<br><br>            Plaintiff,<br><br>   v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security<br><br>            Defendant. | CASE NO. C17-5836 BAT<br><br>**ORDER REVERSING THE COMMISSIONER AND REMANDING UNDER SENTENCE FOUR** |

     Jill Nunes appeals the ALJ's decision[1] finding her not disabled. She contends the Court should reverse and remand the ALJ's decision under sentence six of 42 U.S.C § 405(g) based upon evidence she presented to the Appeals Council, and because the ALJ misevaluated the opinions of a treating Rheumatologist, James Nakashima, M.D. Dkt. 14 at 1-2. The Commissioner concedes the ALJ erred but argues sentence four remand is appropriate.

     The evidence Ms. Nunes presented to the Appeals Council was considered by the Commissioner and is thus part of the record. The Court accordingly concludes a sentence four remand is appropriate. In seeking Appeals Council review of the ALJ's decision, Ms. Nunes submitted medical records from Legacy Salmon Creek. Tr. 2. The Appeals Council found this

---

[1] Because the Appeals Council denied review, the ALJ's decision is the Commissioner's final decision.

ORDER REVERSING THE COMMISSIONER AND REMANDING
UNDER SENTENCE FOUR - 1

evidence "does not show a reasonable probability that it would change the outcome of the case," omitted the evidence from the Administrative Record, and denied review. *Id*. at 1-3. Ms. Nunes is entitled to request Appeals Council review and to submit evidence she wishes the Appeals Council to consider. 20 C.F.R. § 404.968. She exercised this perogative, submitting medical records from Legacy Salmon Creek. The Appeals Council found these records would not alter the ALJ's decision; the Appeals Council therefore considered them and they are part of the record before this Court.[2] *Brewes v. Commissioner of SSA*, 682 F.3d 1157, 1163 (9th Cir. 2012) (expressly adopting *Ramirez v. Shalala*, 8 F.3d 144, 1452 (9th Cir. 1993)); *Taylor v. Commissioner of SSA*, 659 F.3d 3d 1228, 1231 (9th Cir. 2011) (courts may consider evidence presented for the first time to the Appeals Council "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error").

Because the Commissioner has already considered the Legacy Salmon Creek records, and the Court deems them part of the administrative record, remand under sentence four is appropriate. *See Taylor*, 659 F.3d at 1233; s*ee, e.g.*, *Congreve v. Colvin*, 2014 WL 1155560, at *3 n. 2 (E.D. Wash. Mar. 21, 2014); *Boucher v. Astrue*, 2010 WL 2635078 (W.D. Wash. June 25, 2010); *Rodriguez v. Astrue*, 2010 WL 933947 (E.D. Wash. Mar. 9, 2010).

The Court notes, but need not resolve, the parties' disagreement about how the new evidence affects the ALJ's decision. This is because the Commissioner concedes the ALJ harmfully erred, the ALJ's decision should be reversed, and the case should be remanded for further administrative proceedings. It would be appropriate for the ALJ, on remand, to assess the

---

[2] Ms. Nunes attached to her opening brief the omitted Legacy Salmon Creek records. Dkt. 14.

impact of the Legacy Salmon Creek records as the ALJ reassesses the medical evidence and the opinions of Dr. Nakashima.

For the reasons above, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall supplement the administrative record with additional, relevant materials, including the evidence already properly presented to the Appeals Council, i.e., the Legacy Salmon Creek records, hold a new hearing, issue a new decision that reviews the medical record anew, reassess Ms. Nunes' RFC as appropriate, and proceed to steps four and five as needed.

DATED this 24th day of April, 2018.

BRIAN A. TSUCHIDA
United States Magistrate Judge